ELIZABETH SPERLING (State Bar No. 231474)
LISA L. GARCIA (State Bar No. 301362)
**ALSTON & BIRD LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
elizabeth.sperling@alston.com
lisa.garcia@alston.com

Attorneys for Defendant T-MOBILE USA, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK AMES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.; and DOES 1 through 10, inclusive<br><br>Defendant. | Case No.: **'17CV1666 L    AGS**<br><br>**DEFENDANT T-MOBILE USA, INC.'S NOTICE OF REMOVAL** |

1   Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant T-Mobile USA, Inc. ("T-Mobile") hereby notices its removal of the civil action styled *Patrick Ames v. T-Mobile USA, Inc.; Does 1 through 10*, Case No. 37-2017-00023549-CU-NP-CTL (the "State Court Action"), from the Superior Court of the State of California for the County of San Diego (the "State Court") to the United States District Court for the Southern District of California. In support of its Notice of Removal, T-Mobile respectfully shows the Court the following:

   1.   Plaintiff Patrick Ames ("Plaintiff") commenced this lawsuit by filing a "Class Action Complaint" (the "Complaint") on June 27, 2017, in the State Court. Plaintiff served T-Mobile with a Summons and a copy of the Complaint on July 21, 2017 through personal service upon its registered agent for service of process.

   2.   Plaintiff asserts claims against T-Mobile for alleged violation of the federal Fair Debt Collection Practices Act (the "FDCPA") (15 U.S.C. § 1692), the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") (Cal. Civ. Code § 1788), the California Business & Professions Code § 17200 (the "UCL"), common law fraud, and invasion of privacy. (Compl. ¶¶ 30-43). Plaintiff seeks certification of a putative California class.

   3.   As set forth in more detail below, removal of the State Court Action to this Court is proper because this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction), and all other requirements of 28 U.S.C. §§ 1441 and 1446 are satisfied.

## FEDERAL QUESTION JURISDICTION

   4.   Under 28 U.S.C. § 1331, federal courts have original jurisdiction over any civil case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

   5.   Plaintiff's Complaint falls squarely within this grant of jurisdiction because it includes a claim under the FDCPA, a federal statute. (Compl. ¶¶ 2, 33-34). The United States Supreme Court has made clear that federal question jurisdiction exists

1  where a plaintiff "pleads a colorable claim 'arising under' the Federal Constitution or
2  laws," including a claim asserted under the FDCPA. *See Arbaugh v. Y&H Corp.*, 546
3  U.S. 500, 501 (2006); *Bennett v. Am. Medical Response., Inc.*, 226 Fed.Appx. 725 (9th
4  Cir. 2007) ("Here, [Plaintiff] alleged a colorable claim arising under the FDCPA . . .
5  and therefore the district court properly asserted federal question jurisdiction.").

6    6.    Because Plaintiff's FDCPA claim arises under the laws of the United
7  States, this Court has original jurisdiction over that claim. 28 U.S.C. § 1331.

## SUPPLEMENTAL JURISDICTION

9    7.    Under 28 U.S.C. § 1367, "in any civil action of which the district courts
10 have original jurisdiction, the district courts shall have supplemental jurisdiction over
11 all other claims that are so related to claims in the action within such original jurisdiction
12 that they form part of the same case or controversy under Article III of the United States
13 Constitution." 28 U.S.C. § 1367(a).

14    8.    Plaintiff's claim for violation of the FDCPA is so related to Plaintiff's
15 claims for violation of the Rosenthal Act and the UCL, common law fraud, and invasion
16 of privacy, that it forms part of the same case or controversy under Article III of the
17 United States Constitution. *See* 28 U.S.C. § 1367(a). In fact, Plaintiff bases all of his
18 claims on the same factual allegations and incorporates by reference those same
19 allegations in each subsequent count. (Compl. ¶¶ 30, 33, 35, 38, 43).

20    9.    Thus, the Court has supplemental jurisdiction over Plaintiff's Rosenthal
21 Act claim, UCL claim, and Plaintiff's common law fraud and invasion of privacy claims
22 pursuant to 28 U.S.C. § 1367.

23    10.    Accordingly, this case is properly removable pursuant to 28 U.S.C. §§
24 1331 and 1367.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

26    11.    In addition to the jurisdictional requirements discussed above, 28 U.S.C.
27 §§ 1441 and 1446 also set forth certain procedural requirements with respect to removal.
28

*See* 28 U.S.C. §§ 1441(a), 1446. As set forth below, T-Mobile has satisfied these requirements.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 84(d) because the United States District Court for the Southern District of California is the federal judicial district embracing the Superior Court of California, County of San Diego where the State Court Action was filed.

13. T-Mobile files this timely Notice of Removal within thirty (30) days of service of Plaintiff's Complaint in the State Court Action. *See* 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(a), T-Mobile attaches hereto as Exhibit "A" a copy of all processes, pleadings, and orders served on T-Mobile in the State Court Action.

15. Pursuant to 28 U.S.C. § 1446(d), T-Mobile will serve copies of this Notice of Removal on Plaintiff's counsel and will file the same with the State Court clerk.

17. There are no other named defendants to this action, accordingly there are no other defendants from whom consent is required to remove.

For these reasons, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and removal pursuant to 28 U.S.C. §§ 1441 and 1446 is proper.

DATED: August 18, 2017        ELIZABETH A. SPERLING
                              LISA GARCIA
                              **ALSTON & BIRD LLP**

                              /s/ Elizabeth A. Sperling
                              Elizabeth A. Sperling
                              Attorneys for Defendant T-MOBILE USA, INC.

# PROOF OF SERVICE

I, Lisa M. Reynolds, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On August 18, 2017, I served the document(s) described as DEFENDANT T-MOBILE USA, INC.'S NOTICE OF REMOVAL on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☐ BY FEDERAL EXPRESS   ☐ UPS NEXT DAY AIR   ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS  ☐ UPS  ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of  ☐ FEDERAL EXPRESS  ☐ UPS  ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ [State]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2017, at Los Angeles, California.

*Lisa M. Reynolds*
Lisa M. Reynolds

LEGAL02/37508656v5

**Patrick Ames v. T-Mobile USA, Inc.; and Does 1 through 10**
**United States District Court**
**Eastern District of California**
**Case No. _____**

**SERVICE LIST**

| | |
|---|---|
| Todd M. Friedman, Esq.<br>Adrian R. Bacon, Esq.<br>Meghan E. George, Esq.<br>Thomas E. Wheeler, Esq.<br>Law Offices of Todd M. Friedman, P.C.<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367 | Attorneys for Plaintiff<br><br>Telephone:  (877) 206-4741<br>Facsimile:   (866) 633-0228<br><br>tfriedman@toddflaw.com<br>abacon@toddflaw.com<br>mgeorge@toddflaw.com<br>twheeler@toddflaw.com |

LEGAL02/37508656v5