UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK AMES,<br><br>                    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>                    Defendant. | Case No.: 3:17-cv-01666-L-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION [Doc. 11] TO DISMISS** |

     Pending before this Court is Defendant T-Mobile USA, Inc.'s ("T-Mobile") motion to dismiss Plaintiff Patrick Ames' ("Plaintiff") First Amended Complaint. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** T-Mobile's motion to dismiss.

//
//
//
//
//
//
//

3:17-cv-01666-L-AGS

## I. BACKGROUND

This case arises out of T-Mobile's alleged practice of soliciting personal information from potential customers and using it to open unauthorized cell phone service accounts. The alleged purpose of this practice is to generate revenue by billing the unauthorized accounts.

Plaintiff claims to have fallen victim to this scheme in August of 2016. At that time, Plaintiff entered one of T-Mobile's stores to obtain a price quote for T-Mobile's telephone services. A T-Mobile sales representative told Plaintiff it was necessary to fill out a credit report application in order to receive a price quote. The sales representative also told Plaintiff that T-Mobile would not charge him any payments or fees for the application and that T-Mobile would use the information only to produce the price quote. In reliance on this representation, Plaintiff provided his social security number, address, and telephone number.

After receiving T-Mobile's price quote, Plaintiff elected not to purchase T-Mobile's services. Plaintiff therefore did not sign any agreement to purchase goods or services. Instead he left the store with no plans to purchase anything from T-Mobile. Nevertheless, Plaintiff subsequently received letters from T-Mobile and a third-party debt collector attempting to collect payment for T-Mobile's telephone services. The letter from the third-party debt collector stated Plaintiff had an outstanding debt of $46.66 due to T-Mobile.

Accordingly, Plaintiff filed a putative class action complaint with the Superior Court of California, County of San Diego, alleging (1) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788; (2) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770; (3) violation of Cal. Bus. Code § 17200, ("UCL"); (4) common law fraud; and (5) invasion of privacy. T-Mobile subsequently removed and moved to dismiss. Instead of opposing T-Mobile's first motion to dismiss, Plaintiff filed a First Amended Complaint. (FAC [Doc. 9].) T-Mobile now moves to dismiss Plaintiff's First Amended Complaint. (MTD [Doc. 11.])

Plaintiff opposes T-Mobile's motion to dismiss as to all claims except his invasion of privacy claim. (Opp'n [Doc. 12.])

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.2d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.[1] A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

//
//
//

---

[1] Some of Plaintiffs' claims are subject to the enhanced pleading requirements of Fed. R. Civ. P. 9(b). However, the Court need not undertake a Rule 9(b) analysis here because T-Mobile's motion to dismiss does not present any arguments specifically demonstrating how Plaintiff's allegations fail to satisfy the particularity requirements of Rule 9(b).

### III. RFDCPA Claim

T-Mobile argues that Plaintiff's RFDCPA claim fails because Plaintiff does not allege a consumer debt. The existence of a consumer debt is a necessary element of Plaintiff's RFDCPA claim. Cal. Civ. Code § 1788.17. Consumer debt, for purposes of the RFDCPA, means debt stemming from a "consumer credit transaction." Cal. Civ. Code § 1788.2(f). The RFDCPA defines a consumer credit transaction as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code § 1788.2(e).

T-Mobile contends that no consumer credit transaction occurred because Plaintiff never acquired property, services, or money on credit from T-Mobile. In response, Plaintiff cites to *Ayer v. Frontier Commc'ns Corp.*, 2017 WL 3049572 (C.D. Cal. 2017) for the proposition that the acquisition of telephone services on credit qualifies as a consumer credit transaction. *Id.* at *5. While this is an accurate statement of the law, it is unhelpful to Plaintiff because he does not allege that he actually acquired telephone services on credit from T-Mobile. Nor does Plaintiff allege that he acquired any other variety of product, service, or money on credit from T-Mobile. Because Plaintiff thus fails to allege a consumer credit transaction, the Court **GRANTS** T-Mobile's motion to dismiss as to the RFDCPA claim. Given that Plaintiff has already amended his complaint once and he explicitly alleges that he did not purchase any goods or services from T-Mobile, it is clear that Plaintiff cannot cure this defect through further amendment. This dismissal is therefore with prejudice.

### IV. CLRA Claim

To state a CLRA claim, a plaintiff must allege that a defendant caused him harm by employing a statutorily enumerated "deceptive act or practice" in connection with a consumer *transaction* for the sale or lease of goods or services. Cal. Civ. Code § 1770. The CLRA defines a "transaction" as "an agreement between a consumer and another

4

person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement. Cal. Civ. Code § 1761.

Here, Plaintiff argues in his opposition that "[T-Mobile] forced Plaintiff into a transaction and agreement without his permission…" (Opp'n 10:28–11:1.) This argument is unpersuasive. The premise that Plaintiff did not grant T-Mobile permission to charge him for telephone services is logically inconsistent with the idea that Plaintiff and T-Mobile agreed to exchange telephone services for money. Furthermore, Plaintiff alleges that he "did not purchase any services from [T-Mobile], did not sign an agreement to purchase goods or services." (FAC ¶ 15.) Plaintiff also alleges that he left the store "with no plans to purchase anything from [T-Mobile]." (Id.)

By thus alleging that he never entered into an agreement with T-Mobile, Plaintiff has negated the transaction element of his CLRA claim.[2] The Court therefore **GRANTS** T-Mobile's motion with respect to the CLRA claim. It seems unlikely that Plaintiff can cure these defects without contradicting the allegations in his First Amended Complaint. However, given the liberal amendment policy enshrined in Federal Rule of Civil Procedure 15(a)(2), the Court will allow leave to amend.

## V. UCL CLAIM

T-Mobile argues that Plaintiff lacks standing to bring his UCL claim. Standing under the UCL requires "(1) a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) [a] show[ing] that the economic injury was the result of, i.e., caused by, the unfair business practice." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321–23 (2011) (*citing* Cal. Bus. & Prof. Code § 17204).

---

[2] The Court notes that the alleged agreement between Plaintiff and T-Mobile pursuant to which T-Mobile would run his credit and give him a price quote cannot sustain a CLRA claim. This agreement did not result in the sale or lease of services, nor does Plaintiff allege it was intended to result in any sale or lease. Cal. Civ. Code § 1770(a). Rather, the purpose of the price quote was to gather information to enable Plaintiff to choose whether or not he wanted to enter into a contract for T-Mobile's telephone services.

5

An enforceable obligation amounting to an imminent threat of injury to a legally protected interest qualifies as economic damage. *Hale v. Sharp Healthcare,* 183 Cal. App. 4th 1373, 1383–84 (2010).

In *Hale*, Plaintiff Hale made a $500 payment towards an outstanding medical bill of $14,447.65. *Hale*, 183 Cal. App. 4th at 1378. The California Court of Appeal held that the enforceable debt for the remaining balance independently qualified as economic injury. *Id.* at 1383-84. Like the plaintiff in *Hale*, Plaintiff here is subject to an imminent threat of injury from the allegedly enforceable $46.66 debt. T-Mobile cites no authority and presents no argument to the effect that the Court of Appeal in *Hale* erred in holding that enforceable debt is independently sufficient to qualify as economic injury. Accordingly, the Court finds Plaintiff has sufficiently alleged economic injury and therefore **DENIES** T-Mobile's motion to dismiss as to the UCL claim.

## VI. COMMON LAW FRAUD CLAIM

The elements of a fraud claim are a misrepresentation; knowledge of falsity; intent to defraud; justifiable reliance; and resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). T-Mobile argues Plaintiff's fraud claim fails because he does not adequately allege a misrepresentation or intent to defraud.[3] A misrepresentation can be a false representation, concealment, or nondisclosure. *Id.* T-Mobile argues Plaintiff fails to allege a misrepresentation because (1) he does not claim a credit report application was unnecessary to obtain a price quote on T-Mobile's services; (2) he fails to allege the representation of not being charged for a credit report application was false; and (3) his claim that he would not be charged for anything was implausible because telephone companies "do not provide free phones."

---

[3] T-Mobile also argues that Plaintiff's fraud claim fails because he suffered only emotional distress damages. (MTD 7:1–13.) This argument fails for the reasons articulated in Section V above. To wit, Plaintiff has adequately alleged economic injury.

T-Mobile's arguments are problematic in that they ignore some of Plaintiff's central allegations. Plaintiff clearly alleges that T-Mobile represented to him that filling out the credit check application, without more, would not cause Plaintiff to incur any charges. (FAC ¶ 13.) Plaintiff alleges this representation was false because, after he filled out the application, T-Mobile used the information he provided to charge him for its services, despite the fact that he never agreed to such charges. (Id. ¶ 16.) This allegation is sufficient to state a misrepresentation.

The dispositive issue on Plaintiff's fraud claim therefore becomes the intent element. Intent to defraud means an intent to induce reliance on the misrepresentation. *Lazar,* 12 Cal. 4th at 638. Intent may be alleged generally. Fed. R. Civ. P. 9(b). Here, Plaintiff alleges that, in an effort to induce Plaintiff to provide his personal information, T-Mobile misrepresented that it would not charge Plaintiff. (FAC ¶ 14.) T-Mobile then allegedly used Plaintiff's personal information to open an unauthorized account in his name and bill him for services he did not purchase. Viewing these allegations in a light most favorable to Plaintiff, the Court finds that they suffice to nudge the intent element into the realm of plausibility. Accordingly, the Court **DENIES** T-Mobile's motion to dismiss as to the fraud claim.

//
//
//
//
//
//
//
//
//
//
//
//

### VII. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** T-Mobile's motion to dismiss as follows:

- Plaintiff's RFDCPA claim is dismissed with prejudice.
- Plaintiff's CLRA claim is dismissed without prejudice.
- In light of Plaintiff's non-opposition, Plaintiff's invasion of privacy claim is dismissed without prejudice.
- All other claims may proceed.
- If Plaintiff chooses to file a second amended complaint, he must do so within twenty one days of the entry of this order.

**IT IS SO ORDERED.**

Dated: July 13, 2018

_____
Hon. M. James Lorenz
United States District Judge