UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK AMES,<br><br>                     Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>                     Defendant. | Case No.: 3:17-cv-01666-L-AGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 20]** |

Pending before this Court is Defendant T-Mobile USA, Inc.'s ("Defendant") motion to dismiss Plaintiff Patrick Ames' ("Plaintiff") Second Amended Complaint. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss.

**I. BACKGROUND[1]**

This case arises out of Defendant's alleged practice of soliciting personal information from potential customers and using it to open unauthorized cell phone service accounts. The alleged purpose of this practice is to generate revenue by billing the unauthorized accounts.

---

[1] The Court incorporates the background information found in its prior order. ECF No. 14 at 2-3.

1

Plaintiff claims to have fallen victim to this scheme in August of 2016. At that time, Plaintiff entered one of Defendant's stores to obtain a price quote for Defendant's telephone services. One of Defendant's sales representative told Plaintiff it was necessary to fill out a credit report application in order to receive a price quote. The sales representative also told Plaintiff that Defendant would not charge him any payments or fees for the application and that Defendant would use the information only to produce the price quote. In reliance on this representation, Plaintiff provided his social security number, address, and telephone number.

After receiving Defendant's price quote, Plaintiff elected not to purchase Defendant's services. Plaintiff did not sign any agreement to purchase goods or services. Instead, he left the store with no plans to purchase anything from Defendant. Nevertheless, Plaintiff subsequently received letters from Defendant and a third-party debt collector attempting to collect payment for Defendant's telephone services. The letter from the third-party debt collector stated Plaintiff had an outstanding debt of $46.66 due to Defendant.

Accordingly, Plaintiff filed a putative class action complaint in the Superior Court of California, County of San Diego, alleging (1) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788; (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1770; (3) violation of Cal. Bus. Code § 17200, ("UCL"); (4) common law fraud; and (5) invasion of privacy. Defendant subsequently removed and moved to dismiss. Instead of opposing Defendant's first motion to dismiss, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 9. Defendant moved to dismiss Plaintiff's First Amended Complaint. ECF No. 11. This Court granted in part and denied in part Defendant's motion to dismiss. ECF No. 14. Plaintiff then filed a Second Amended Complaint ("SAC"), pursuing only claims for (1) violation of Cal. Bus. Code § 17200; and (2) common law fraud. ECF No. 15. Defendant moved to dismiss Plaintiff's SAC as to the

UCL claim. ECF No. 20. Defendant also moved to dismiss Plaintiff Michelle Herbert's claims.[2] Plaintiff opposes Defendant's motion to dismiss. ECF No. 22.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.2d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

## III. PLAINTIFF MICHELLE HERBERT'S CLAIMS

Defendant asserts that Plaintiff Michelle Herbert's claims should be dismissed because Plaintiffs did not seek or obtain leave of the Court to add this Plaintiff to the SAC. ECF No. 20 at 1. On November 9, 2018, Plaintiff Herbert voluntarily dismissed her claims. *See* ECF No. 21. As such, the Court will not address Defendant's motion is **DENIED AS MOOT** as to this issue.

---

[2] A new party, Plaintiff Michelle Herbert, was added to Plaintiff's SAC.

## IV. DISCUSSION

First, Defendant asserts that Plaintiff's SAC should be dismissed because he lacks statutory standing to bring his UCL claim. Specifically, Defendant contends that Plaintiff failed to allege a loss of money or property as a result of an enforceable debt. ECF No. 20 at 5. Defendant insists that because the debt itself was, as Plaintiff himself contends, unenforceable and not paid by Plaintiff, he cannot pursue a UCL claim due to a lack of statutory standing. *Id.*

Defendant challenges this Court's prior interpretation of the standing requirements of the UCL. Defendant asserts that the Court's *sua sponte* application of *Hale v. Sharp Healthcare,* 183 Cal. App. 4th 1373 (2010), was incorrectly interpreted in its prior order. Defendant argues that *Hale* was incorrectly applied to the facts here in that *Hale* requires the existence of an *enforceable* debt to establish economic injury under the UCL, and Plaintiff pled that no enforceable debt actually existed here. Thus, *Hale* case is inapplicable. *See* ECF No. 23. Plaintiff counters that the law of the case doctrine bars this Court from reconsidering Plaintiff's UCL standing because this issue was previously adjudicated by the Court in its prior order.[3] *See* ECF No. 22. In its reply, Defendant rebuts that the law of the case doctrine does not apply where the first decision was clearly erroneous or where the parties are briefing an issue for the first time. ECF No. 23 at 4.

Second, Defendant also asserts that Plaintiff's UCL claim should be dismissed because the SAC fails to plead facts showing that Plaintiff is entitled to restitution or injunctive relief, the UCL's only statutory remedies.[4][5] ECF No. 20-1 at 7. Plaintiff asserts

---

[3] Plaintiff also insists that Defendant should have brought a motion for reconsideration rather than attack the Court's interpretation of *Hale* via a motion to dismiss. ECF No. 22 at 4. However, as Defendant correctly points out in its reply brief, such a motion would have been mooted by Plaintiff's filing of its SAC.

[4] Plaintiff does not dispute in its opposition brief that it is not entitled to restitution, nor does Plaintiff plead for restitution in its SAC. Further, it is settled under California law that a plaintiff need not prove eligibility for restitution in order to have standing to seek injunctive relief. *See Pom Wonderful LLC v. Coca-Cola Co.*, 679 F.3d 1170, 1178-79 (9th Cir. 2012).

[5] The Court did not consider this specific issue in its prior order.

that entitlement to injunctive relief can be based on a sufficiently concrete prospective injury, the potential for Defendant to continue their practice of opening unauthorized accounts and charging consumers without permission. ECF No. 22 at 5-6.

The Court addresses the various issues in turn.

**A. The Law of the Case Doctrine Applies Here**

Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court . . . in the identical case." *Thomas v. Bible,* 983 F.2d 152, 155 (9th Cir. 1993). A court may have discretion to depart from the law of the case where

(1) the first decision was clearly erroneous;

(2) an intervening change in the law has occurred;

(3) the evidence on remand is substantially different;

(4) other changed circumstances exist;

(5) a manifest injustice would otherwise result.

*Id.* at 155. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. *Id.*

Here, the issue of whether Plaintiff had statutory standing to pursue his UCL claim was previously adjudicated by this Court in its earlier order. *See* ECF No. 14 at 5-6. The Court ruled that Plaintiff "is subject to an imminent threat of injury from the allegedly enforceable $46.66 debt." *Id.* at 6. Therefore, under *Thomas*, this Court is foreclosed from re-considering the issue of Plaintiff's statutory standing to bring a UCL claim, unless one of the reasons to depart from that ruling applies.

Defendant contends that the law of the case doctrine is inapplicable for two reasons: (1) this Court's application of the *Hale* case to the facts here was clearly erroneous
5

decision;[6] and (2) the law of the case doctrine cannot apply where the parties are briefing an issue for the first time. The Court addresses each issue separately.

### 1. The Court's Prior Order Was Not Clearly Erroneous

A district court's factual findings must not be reversed for clear error as long as the findings are plausible in light of the entire record. *U.S. v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997) (citation omitted).

In its prior order, this Court provided:

> Standing under the UCL requires "(1) a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) [a] show[ing] that the economic injury was the result of, i.e., caused by, the unfair business practice." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321–23 (2011). An enforceable obligation amounting to an imminent threat of injury to a legally protected interest qualifies as economic damage. *Hale v. Sharp Healthcare*, 183 Cal.App.4th 1373, 1383, 1384. (2010).

ECF No. 14 at 5-6. The Court found that "[l]ike the plaintiff in *Hale*, Plaintiff here is subject to an imminent threat of injury from an allegedly enforceable $46.66." *Id.* at 6. In *Hale*, Plaintiff received an Admission Agreement from her hospital that obligated her to pay for medical services in the amount of $14,447.65. *Hale*, 183 Cal.App.4th at 1383. Hale made a $500 payment toward the outstanding medical bill but disputed the remaining amount. *Id.* at 1378. The California Court of Appeals held that the remaining obligation was sufficient to establish standing under the UCL because plaintiff faced "at least an *imminent* invasion or injury to a legally protected interest." *Id*. at 1383-84 (emphasis in original). This was true, even though the plaintiff alleged that the bill itself was unlawful and where the balance of the bill remained outstanding. *Id.*

Similarly, Plaintiff here received a letter from a third-party debt collection agency informing him that he owed an outstanding debt of $46.66. This collections letter at least

---

[6] Defendant does not advance the argument that the law of the case doctrine is inapplicable for any of the other possibilities listed in *Thomas*.

raised an *imminent* invasion or injury to a legally protected interest as it demanded the payment of a debt. Like *Hale*, Plaintiff denies that the debt is enforceable. The Court therefore finds the assertion that its application of *Hale* was clearly erroneous unpersuasive as this Court's standing finding is plausible in light of the entire record.[7]

## **2. The Court Has Already Adjudicated the Issue of Plaintiff's UCL Standing**

Defendant cites to *Thomas v. Hickman*, No. CV F06-0215 AWISAMS, 2008 WL 2233566, at *2 (E.D. Cal. May 28, 2008) for the proposition that the law of the case doctrine does not apply where the parties are briefing an issue for the first time. ECF No. 23 at 5. However, Defendant's reliance on *Thomas* is misguided.

In *Thomas*, the court said that for the law of the case doctrine to apply, "the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Id.* at *2 (quoting *Hydrick v. Hunder,* 500 F.3d 978, 986 (9th Cir. 2007)). Here, the issue Defendant raises is whether or not Plaintiff has statutory standing to sue under the UCL, and this issue was explicitly adjudicated by this Court in its prior order. Both Plaintiff and Defendant had a prior chance to brief this issue. Defendant does not cite any authority for the proposition that when a Court relies on a case, *sua sponte,* within the context of an existing issue, doing so creates a new, justiciable issue. As indicated above, the central issue was whether Plaintiff had statutory standing to sue under the UCL, and this issue was previously adjudicated. Therefore, the law of the case doctrine applies and the Court **DENIES** Defendant's request to reconsider its earlier UCL statutory standing ruling.

## **B. Plaintiff Has Not Pled Entitlement to Injunctive Relief Under The UCL**

As stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "the pleading standard [FRCP] 8 announces does not require 'detailed factual allegations,' but it demands more

---

[7] In California, a plaintiff may pursue a claim under the UCL for unenforceable debts if collection efforts inaccurately *imply* that the debt is an enforceable one. *See Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 33 (2015).

7

than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In addition, a plaintiff must satisfy the Article III standing requirements when pleading standing requirements under the UCL for cases in federal court, including those related to injunctive relief. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 924 (N.D. Cal. 2012). A plaintiff must allege facts sufficient to show a "real and immediate threat of repeated injury." *Id*. at 926. Past exposure to illegal conduct does not in itself show a present case or controversy requiring injunctive relief if unaccompanied by any continuing, present adverse effects. *O'Shea v. Littleton*, 414 U.S. 488, 496-97 (1974). A single incident is insufficient to establish a likelihood of future injury. *Freeman*, 877 F. Supp. 2d at 926. However, there is no reason prospective injunctive relief must always be premised on a realistic threat of a similar injury recurring. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 n.7 (9th Cir. 2018). A sufficiently concrete prospective injury is sufficient. *Id.* Further, where relief for injunctive relief is premised entirely on the threat of repeated injury, a plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." *Davidson*, 889 F.3d at 967 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief. *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

Defendant points out that Plaintiff did not plead any concrete prospective injury because his allegations concern a single wrongdoing and fail to allege that he will be harmed by Defendant's continuing conduct in the future. Defendant also notes that Plaintiff failed to allege any facts indicating that Defendant actually has a policy of opening accounts in consumers' names without permission and then seeking to collect on unowed debts. Plaintiff simply responds that such accounts were opened as an ongoing policy of Defendant. However, Plaintiff does not explain in his SAC how he, personally, is likely to be injured again by the actions of Defendant. He only pleads, "Defendant's conduct . . .

continues to cause substantial injury to Plaintiffs and Members of the Class" [ECF No. 15 at 11], but he cannot stand in the shoes of potential class members when pleading standing as the named plaintiff. *See Hodgers-Durgin*, 199 F.3d at 1045. It is just as likely that the debt levied against Plaintiff was simply a clerical error or one bad-acting customer service representatice, rather than an intentional, system-wide policy. As such, this Court agrees with Defendant that such a conclusory accusation is insufficient to state a claim for injunctive relief. The Court therefore **GRANTS** Defendant's motion with respect to Plaintiff's entitlement to injunctive relief under the UCL.

Given the liberal amendment policy enshrined in Federal Rule of Civil Procedure 15(a)(2), Plaintiff is permitted the opportunity to cure these defects. Therefore, the Court **GRANTS** leave to amend the operative complaint. If Plaintiff chooses to file a third amended complaint, he must do so within twenty one days of the entry of this order.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** T-Mobile's motion to dismiss.

**IT IS SO ORDERED.**

Dated: January 30, 2019

*[signature]*
Hon. M. James Lorenz
United States District Judge